IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AUGUSTUS HEBREW EVANS, JR., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 07-591-JJF |
| | : | |
| LT. KENNETH MCMILLIAN, | : | |
| LT. WILLIAMS, SGT. MARY | : | |
| MOODY, AND CPL. VARGAS, | : | |
| | : | |
| Defendants. | : | |

Augustus Hebrew Evans, Jr., Pro se Plaintiff. Howard R. Young Correctional Institution, Wilmington, Delaware.

**MEMORANDUM OPINION**

December 5, 2007
Wilmington, Delaware

**Farnan, District Judge**

Plaintiff Augustus Hebrew Evans, Jr., ("Plaintiff"), an inmate at the Howard R. Young Correctional Institution ("HYRCI"), filed this civil rights action pursuant to 42 U.S.C. § 1983. He appears pro se and was granted leave to proceed without prepayment of fees status pursuant to 28 U.S.C. § 1915. (D.I. 5.)

For the reasons discussed below, the Court will dismiss the complaint as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

## I. THE COMPLAINT

On September 26, 2007, Plaintiff was transferred from his cell to isolation by Defendant Lt. Williams ("Williams") after being questioned by Williams about an assault on a fellow inmate, Mr. Guiff ("Guiff"). Plaintiff was charged with assault, but denies the charge. Plaintiff alleges that Williams did not conduct an investigation or consider any facts about the character of Guiff. Plaintiff alleges that Defendant Cpl. Vargas ("Vargas") was the first officer notified of the incident and he failed to ask any questions. Plaintiff alleges that rather than investigate, Vargas "passed it to the Lt. without speaking" to Plaintiff or the person who shared the cell with Guiff.

Plaintiff alleges that Defendant Lt. McMillian

-1-

("McMillian"), the hearing officer, did not investigate the charge until Plaintiff had been in isolation for fourteen days. Plaintiff alleges that, by that time, his witness had made bond. Plaintiff received thirty days in isolation for the alleged assault. Plaintiff alleges that if McMillian had conducted an investigation on the day the alleged assault happened, and not waited, "it would have been proven that [Plaintiff] didn't hit Guiff." (D.I. 2, at II.) Although not alleged, apparently Plaintiff filed a grievance. He alleges that Defendant Sgt. Moody ("Moody") denied his grievance as untimely filed.

Plaintiff seeks compensation for every day spent in isolation, attorney's fees, and Defendants' dismissals or demotions to lower ranks.

## II. STANDARD OF REVIEW

When a litigant proceeds in forma pauperis, 28 U.S.C. § 1915 provides for dismissal under certain circumstances. When a prisoner seeks redress from a government defendant in a civil action, 28 U.S.C. § 1915A provides for screening of the complaint by the Court. Both 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) provide that the Court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief.

In performing the Court's screening function under §

1915(e)(2)(B), the Court applies the standard applicable to a motion to dismiss under Fed. R. Civ. P. 12(b)(6). Fullman v. Pennsylvania Dep't of Corr., No. 4:07CV-000079, 2007 WL 257617 (M.D. Pa. Jan. 25, 2007) (citing Weiss v. Cooley, 230 F.3d 1027, 1029 (7th Cir. 2000). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to Plaintiff. Erickson v. Pardus, -U.S.-, 127 S.Ct. 2197, 2200 (2007); Christopher v. Harbury, 536 U.S. 403, 406 (2002). Additionally, a complaint must contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, -U.S.-, 127 S.Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957). A complaint does not need detailed factual allegations, however "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1965 (citations omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations in the complaint are true (even if doubtful in fact)." Id. (citations omitted). Because Plaintiff proceeds pro se, his pleading is liberally construed and his

Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. Erickson v. Pardus, -U.S.-, 127 S.Ct. 2197, 2200 (2007) (citations omitted).

## III. ANALYSIS

### A. Due Process/Housing

Plaintiff complains that his constitutional rights were violated when he was transferred to isolation and remained there pending an investigation for assault. He alleges Defendants failed to and/or delayed an investigation of the assault, charges were brought against him, and because of the investigative delay, his witnesses were no longer available to testify at his disciplinary hearing. Plaintiff also alleges he was not allowed to confront his accuser. Plaintiff received a sanction of thirty days in isolation.

At issue is whether Plaintiff's transfer to isolation violated his right to due process and whether the alleged violation implicates a constitutionally protected property or liberty interest. See Sandin v. Conner, 515 U.S. 472 (1995). In Wolff v. McDonnell, 418 U.S. 539, 556 (1974), the Supreme Court held that prisoners must be accorded due process before prison authorities may deprive them of state created liberty interests. A prison disciplinary hearing satisfies the Due Process Clause if the inmate is provided with: (1) written notice of the charges

and not less than 24 hours to marshal the facts and prepare a defense for an appearance at the disciplinary hearing; (2) a written statement by the fact finder as to the evidence relied on and the reasons for the disciplinary action; and (3) an opportunity "to call witnesses and present documentary evidence in his defense when to do so will not be unduly hazardous to institutional safety or correctional goals." Wolff, 418 U.S. at 563-71; Griffin v. Spratt, 969 F.2d 16, 19-20 (3d Cir. 1992). It is axiomatic, however, that to be entitled to procedural due process protections as set forth in Wolff, a prisoner must be deprived of a liberty interest. See Wolff, 418 U.S. at 557-558.

The Due Process Clause itself confers no liberty interest in freedom from state action taken "within the sentence imposed." Sandin v. Conner, 515 U.S. 472, 480 (1995) (quoting Hewitt v. Helms, 459 U.S. 460, 468 (1983)). More so, state created liberty interests protected by the Due Process Clause are generally limited to restraints on prisoners that impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Griffin v. Vaughn, 112 F.3d 703, 706 (3d Cir. 1997) (quoting Sandin, 515 U.S. at 484).

The Third Circuit has held that a state prisoner's confinement in administrative segregation for 15 months did not impose an atypical and significant hardship on the prisoner. Griffin, 112 F.3d at 706-09; see Sack v. Canino, No. Civ. A. 95-

1412, 1995 WL 498709, at *1 (E.D. Pa. Aug. 21, 1995)(assuming that the plaintiff was not afforded the protections called for by Wolff, because the sanction of 30 days disciplinary confinement did not implicate a liberty interest, such infraction did not violate the plaintiff's due process rights). Plaintiff was sanctioned to thirty days in isolation - an amount of time that does not implicate a protected liberty interest.

As Plaintiff has not articulated a protected liberty interest with respect to his discipline and confinement, his due process and transfer claims against Vargas, McMillian, and Williams are dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1).

**B. Grievances**

Plaintiff filed a grievance and alleges that Moody denied his grievance on the basis that it was filed too late. The filing of a prison grievance is a constitutionally protected activity. Robinson v. Taylor, No. 05-4492, 2006 WL 3203900, at *1 (3d Cir. Nov. 7, 2006). Although prisoners have a constitutional right to seek redress of grievances as part of their right of access to courts, this right is not compromised by the failure of prison officials to address these grievances. Booth v. King, 346 F. Supp. 2d 751, 761 (E.D. Pa. 2004). This is because inmates do not have a constitutionally protected right to

a grievance procedure. Burnside v. Moser, No. 04-4713, 138 Fed. Appx. 414, 416 (3d Cir. 2005) (citations omitted)(failure of prison officials to process administrative grievance did not amount to a constitutional violation). Nor does the existence of a grievance procedure confer prison inmates with any substantive constitutional rights. Hoover v. Watson, 886 F. Supp. 410, 418-419 (D. Del.), aff'd, 74 F.3d 1226 (3d Cir. 1995). Similarly, the failure to investigate a grievance does not raise a constitutional issue. Hurley v. Blevins, No. Civ. A. 6:04CV368, 2005 WL 997317 (E.D. Tex. Mar. 28, 2005).

Plaintiff cannot maintain a constitutional claim because his grievance was dismissed as untimely or based upon his perception that his grievance was not properly investigated. Therefore, the allegations of unconstitutional conduct relating to the grievance he filed are dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

## IV. CONCLUSION

For the reasons discussed above, the Court will dismiss the Complaint as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). Amendment of the Complaint would be futile. See Alston v. Parker, 363 F.3d 229 (3d Cir. 2004); Grayson v. Mayview State Hosp., 293 F.3d 103, 111 (3d Cir. 2002); Borelli v. City of Reading, 532 F.2d 950, 951-52 (3d Cir. 1976). An

appropriate Order will be entered.